UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHR. HANSEN INC.,**
                **Plaintiff,**

v.                                                                                                                **Case No. 15-cv-0150**

**CENTROME INC.,**
                **Defendant.**
_____

## DECISION AND ORDER

Plaintiff Chr. Hansen Inc. brings this action for breach of contract against defendant Centrome Inc., alleging that defendant breached an indemnification agreement between the parties by failing to indemnify plaintiff in litigation regarding a product plaintiff sold to defendant. On December 31, 2015, I denied defendant's motion to dismiss. The primary issue in that motion was whether plaintiff had pleaded itself out of court by stating in the complaint that it does not have a copy of the back side of the invoice which contained the indemnification agreement language. I concluded that plaintiff had not pled itself out of court because the complaint alleged sufficient facts which, taken as true, allowed me to infer that the indemnification agreement existed. Defendant has filed a motion for reconsideration, arguing that my original decision constitutes a manifest error of law. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Nothing in defendant's motion for reconsideration causes me to change my original decision. To state a valid claim, the complaint must allege (1) a valid contract, (2) that defendant breached, (3) and that damages flowed from that breach. *Matthews*

*v. Wis. Energy Corp., Inc.*, 534 F.3d 547, 553 (7th Cir. 2008). As discussed in my previous decision, plaintiff has pled in a non-conclusory fashion that a valid contract between the parties existed, including an indemnification provision, by alleging that it provided defendant with an invoice containing a clearly marked indemnification provision, that the invoice contained an acceptance provision stating that by accepting the product defendant also accepted the indemnification agreement, and that defendant accepted those terms by accepting the product and repeatedly ordering more from plaintiff without objecting to the indemnification provision. This plausibly alleges an offer, acceptance, and consideration.

Defendant argues that by alleging that it cannot prove the existence of the portion of the invoice containing the indemnification provision, plaintiff has admitted that it cannot prove the first element of its claim. However, defendant misstates plaintiff's allegations. Plaintiff does not allege that it cannot prove the existence of the indemnification provision; it merely alleges that it does not possess a copy of the invoice containing the indemnification provision. Discovery may lead to admissible evidence which plaintiff can use to establish the existence and content of the indemnification provision. For example, plaintiff may be able to obtain a full copy of an invoice, or it may be able to obtain other secondary evidence which supports the existence of the provision. Thus, plaintiff has not pleaded itself out of court.

Defendant challenges my statement in my original decision that plaintiff can use secondary evidence to prove the existence and content of the indemnification agreement, arguing that I applied federal evidentiary law to a question of state substantive law. However, defendant confuses the question of whether plaintiff can

2

prove the existence of the contract with the question of whether plaintiff can prove that the contract complies with Wisconsin's statute of frauds. These two issues are separate. First, plaintiff must prove that an indemnification agreement existed. How plaintiff proves the existence and content of the contract is a question of federal evidentiary law, *see Stutzman v. CRST, Inc.*, 997 F.2d 291, 294 (7th Cir. 1993), which allows plaintiff to use other evidence to prove the contents of the agreement. *See U.S. v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992); Fed. R. Evid. 1004. If plaintiff can prove the indemnification provision in fact existed on the back of an invoice that was delivered to defendant, then state substantive law governs whether the provision complied with Wisconsin contract law and the statute of frauds. How plaintiff may prove that the indemnification agreement complied with Wisconsin law is a substantive question governed by state law. *See Monetti, S.P.A. v. Anchor Hocking Corp.*, 931 F.2d 1178, 1181–82 (7th Cir. 1991).

Defendant argues that because plaintiff does not possess a copy of the indemnification agreement, it has pled itself out of court because it cannot allege that defendant accepted the provision under Wisconsin law. Wis. Stat. § 402.207(2)(b) requires express acceptance by the other party of any additional terms to a contract which materially alter the terms of the original agreement. Defendant contends that the indemnification agreement was a material alteration requiring its express acceptance, and that "express acceptance" requires plaintiff to prove that it signed the invoice containing the indemnification provision. *Resch v. Greenlee Bros. & Co.*, 128 Wis. 2d 237, 244–45 (Ct. App. 1985). It follows that if plaintiff cannot produce the invoice, it cannot produce a signed invoice. First, it is unclear whether, under Wisconsin law, a

3

signature is required in a situation where, as here, an acceptance provision also allegedly accompanied the indemnification agreement. *See Deminsky v. Arlington Plastics Mach.*, 249 Wis. 2d 441, 456 (Ct. App. 2001) ("[W]e note that even where a party does *not* sign a writing containing a proposed 'material alteration' to a contract of sale, that party may still be deemed to have assented by conduct to its incorporation."); *Waukesha Foundry, Inc. v. Indus. Eng'g, Inc.*, 91 F.3d 1002, 1008–09 (7th Cir. 1996) (concluding that "consent can be inferred from other things besides the unsurprising character of the new term: even from silence, in the face of a course of dealings that makes it reasonable for the other party to infer consent from a failure to object"). More importantly, it is unclear at this point whether plaintiff will or will not be able to prove acceptance. If plaintiff is able to prove the existence of the indemnification agreement, it may also be able to obtain evidence of express agreement during discovery. The fact, alone, that plaintiff has pled that it does not possess a copy of the invoice does not foreclose this possibility, nor does it foreclose the possibility that an exception to Wisconsin's statute of frauds applies.[1] These are issues that will be fact-driven and are best determined at summary judgment, and, as I noted in my original opinion, plaintiff is not required to anticipate such affirmative defenses in its complaint. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006).

---

[1] There are numerous exceptions to the statute of frauds. *See, e.g.*, Wis. Stat. § 402.201(3)(b) (waiver exception); § 402.201(3)(c) (acceptance exception); § 402.202 (evidence of course of dealing or additional terms may be used to supplement final written expression of agreement); § 402.207(3) ("Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract."). By citing these examples, I do not imply that any of them applies in this case. I merely cite them as illustrative examples of the fact that numerous exceptions exist which may or may not apply in this case depending on the facts that come out during discovery.

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (ECF No. 23) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2016.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge